Harold GREENFIELD

v.

Carl TANZER and Business Advertisers, Inc.

Civ. A. No. 58–428.

United States District Court
D. Massachusetts.

April 22, 1960.

796

Joseph Zallen and William Baker, Boston, Mass., for plaintiff.

S. David Meyers, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

The plaintiff in this copyright infringement action, Harold Greenfield, is engaged in the publishing of street listings, city directories and tax lists under the name of Eastern Publishing Co. in Newport, Rhode Island. In the early part of 1957 he prepared at great expense and with the assistance of eight canvassers employed by him, a book entitled "Newport, Rhode Island Map and Street Guide, 1957" and on or about May 9, 1957, printed and published 2,500 copies of this book all marked with the copyright notice required by law. On May 22, 1957, he was issued a certificate of registration, No. AA 285,734, for said book by the Register of Copyrights in Washington, D. C. After the printing, the plaintiff proceeded to sell and distribute this book to his regular customers in the area of Newport and Middletown, Rhode Island.

On or about April 16, 1957, the defendant Carl Tanzer organized the proprietorship known as "Business Advertisers" and proceeded to register under this name in the Town Hall of Brookline, Massachusetts. He hired a man named Herbert Meckleberg (who apparently later changed his name to Merrill) to work for him in the business. The business of the proprietorship consisted of selling advertising space in booklets made up for individual cities and towns. The booklets were printed by Correct Printing, Inc. of Chelsea, Massachusetts.

In response to a subpoena, Carl Tanzer failed to produce any records whatsoever of this proprietorship claiming that none were in existence.

On or about August 13, 1957, corporation papers were filed in the State House at Boston, purporting to organize Business Advertisers, Inc. at 87 Browne Street, Brookline, Massachusetts, the home address of Carl Tanzer and also the same address as his proprietorship. The corporation papers indicated that his brother Hyman Tanzer was president and director and owned one share of stock, that Mrs. Marilyn Tanzer, wife of Carl Tanzer, was treasurer and director and owned 98 shares of stock and that Joseph Schneider, the attorney, was clerk and owned one share of stock. Although the corporation was formed under the identical name as the proprietorship, the certificate in Town Hall was never withdrawn.

This corporation, the other defendant here, carried on the same type of business in which Tanzer had been engaged as an individual. On or about January of 1958, 1,500 copies of a publication "Newport, Your Every Day Handy Book" were printed for the defendant corporation by Correct Printing and distributed by defendant corporation in the Newport area. The street listings for Newport and Middletown contained in this publication were clearly photocopies of the listings in plaintiff's copyrighted publication, embodying the intentional listing of nonexistent streets inserted by plaintiff for the purpose of trapping infringers. The book "Newport, Your Every Day Handy Book" was clearly a direct and flagrant infringement of plaintiff's copyright. The important issue here is whether defendant Tanzer participated in this infringement or whether the corporation alone is liable.

It appears that the president and clerk of the corporation took no part in its activities. Marilyn Tanzer signed the checks and held conferences with Merrill at her home. Merrill appears to have done most of the actual work of carrying on the business, selling advertising,

preparing the copy for its publications, keeping the books and telling Mrs. Tanzer what checks to make out. After notice of the present infringement was received, the corporation stopped doing business and all its records except a check book were destroyed by Mrs. Tanzer. The corporation, however, has not been dissolved. Merrill's present whereabouts are apparently unknown to any party to this case.

Carl Tanzer testified that he formed the corporation and turned it over to his wife because, due to conflict with his other business activities, he no longer wished to carry on this business himself. He apparently handled the formation of the corporation and supplied whatever funds were needed to start it in business. He was present in the house when his wife held conferences with Merrill and admittedly knew in a general way what the corporation was doing. After it had ceased to do business, he advanced $500 to enable it to pay taxes due to the United States. There was no direct evidence, however, that after the corporation was started in business he took any substantial active part in its affairs or in particular that he had anything to do with the infringing publication involved here.

The same printer who originally did the printing for Tanzer as an individual continued to do the printing after incorporation. He kept the account for both the individual proprietorship and the corporation in a single ledger. But he had notice of the formation of the corporation, and after its formation payments to him were made by checks of the corporation. When the corporation stopped doing business, it owed him $1,100. He tried to get payment of this from Tanzer individually but Tanzer refused to pay, saying it was up to Merrill to take care of it. The printer testified that Tanzer picked up books for the corporation occasionally but that Merrill brought in most of the copy. In particular Merrill himself pasted up the copy for the infringing publication in the printer's shop.

On this evidence the finding is that plaintiff has failed to sustain his burden of proving by a fair preponderance of the evidence that Carl Tanzer individually actually carried on the business of the corporation or that he had any part in the publication of the infringing booklet in this case.

Plaintiff presented some evidence on the issue of damages. However, the evidence as to the cost of preparing his directory was incomplete and involved a more or less arbitrary estimate of what portion of certain costs should be allocated to this publication and what portion to a more complete directory of Newport which was published about the same time. Evidence as to losses of sales due to the infringement was also vague and conjectural. On this evidence the court cannot with any reasonable accuracy find the actual damages suffered by plaintiff. In lieu thereof statutory damages of $1 for each infringing copy will be awarded under the provisions of 17 U.S.C.A. § 101(b).

No evidence was presented of any profits of defendant corporation from the infringing publication. Since it appears that all copies of the infringing publication have been recalled and the defendant corporation is no longer actively in business, there is no need for the further relief requested in the complaint.

Judgment will be entered for defendant Carl Tanzer. Judgment will be entered for plaintiff against defendant Business Advertisers, Inc. in the amount of $1,500 with costs.